UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAPA MALICK NDIOUCK,

                    Petitioner,

        v.

MARKWAYNE MULLIN, *et al.*,

                    Respondents.

Case No. C26-1663-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Papa Malick Ndiouck's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the certified petition, the responsive briefing filed by the Government, Dkts. #4-6, a Reply, Dkt. #7, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1 and #5.

Petitioner is a 38-year-old citizen of Senegal. Petitioner entered the United States on September 19, 2023, and expressed fear of return to Senegal due to accusations regarding homosexuality and his association with individuals perceived to be homosexual. On September 21, 2023, due to lack of bed space at the facility, Petitioner was released on an Order of Recognizance ("OREC") and enrolled in Compliance Assistance Reporting Terminal ("CART") program that required he report to the local ICE office once a year.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 1

On or about April 15, 2024, Petitioner filed asylum, withholding of removal, and relief under the Convention Against Torture applications. Petitioner has resided in the United States while pursuing immigration relief. The Department of Homeland Security (DHS) approved Petitioner for employment authorization, valid through October 22, 2029. DHS records reflect Petitioner maintained known addresses in Texas, New York, and recently relocated to Washington.

On January 1, 2026, while Petitioner worked as an Uber driver, ICE officers stopped his vehicle, shattered the window, forcibly removed him from the vehicle and detained him. Petitioner was questioned by ICE officers regarding alleged missed immigration appointments and why he has relocated from Texas to Seattle without reporting to ICE after relocating. Petitioner was arrested and transported to the Seattle ICE office for further processing and was then transferred to Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Petitioner has no criminal record.

On April 13, 2026, an Immigration Judge denied Petitioner's application for asylum and ordered him removed to Senegal. Petitioner timely filed an appeal to the Board of Immigration Appeals. The appeal remains pending.

The Government states that Petitioner failed to comply with the CART program reporting requirement on October 16, 2024, which deactivated him from the CART program. Prior to the January 1, 2026, arrest, Petitioner did not receive written notice of the reason for his detention. The Government states Petitioner, after his arrest, was served a copy of the memorandum cancelling his release on OREC. He did not receive a hearing before a neutral decision-maker to determine if his detention was justified. Petitioner remains at NWIPC.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 2

Federal courts have authority to grant writs of habeas corpus to an individual in custody if it is in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  In this case, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 3

2022).  The parties discuss how the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements.  In so doing, the Court is mirroring the application of this test used by other judges in this District.  *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025).

The Court disagrees with the Government's assertion that Petitioner is subject to mandatory detention under § 1225(b), as he has been released in the United States for years on his own recognizance and has a pending immigration relief.

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004).  That Petitioner was living and working in the United States for years, detained without notice, placed in detention, and remains in custody after no changes to his status undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest.  The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty is high under the facts of this case. The Government's assertion that Petitioner's "removal proceedings remain pending," Dkt. #4 at 5, thus subject to § 1225(b), aligns with its "position [that] appears to be that any and all non-citizens not previously admitted to the United States are subject to mandatory detention." *A.C.J. v. Hermosillo*, 2026 WL 73857, at *4 (W.D. Wash. Jan. 9, 2026).  Many district courts have found this "selective reading of the statute" unpersuasive and disregarding the plain meaning of the statute.  *See id.* (compiling cases). Notably, the issuing officer of Petitioner's 2023 Notice to Appear specifically designated as "present in the United States" rather than "arriving." Dkt. #6 at Ex. 2. Moreover,

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 4

the Government states they "provided [Petitioner] an opportunity to respond after taking him into processing at the Seattle [ICE] office." Dkt. #4 at 8. The Court is unpersuaded by this argument as Petitioner states,"due process require[s] notice and a meaningful opportunity to contest those allegations before [the Government] revoked [his] liberty and physically re-detained him." Dkt. #1 at 6. This second factor also weighs in favor of the Petitioner.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government has a clear interest in detaining removable non-citizens under certain circumstances to the extent they do not abscond or commit crimes. But where Petitioner has been living in the United States for years, following the rules while waiting for any notice from USCIS, and there was no material change in his particular circumstances prior to arrest, the Government fails this factor. The Government's reasoning that Petitioner violated the conditions of his CART thus his OREC was revoked, is unconvincing, as the Government solely provides statements that he violated the requirements on October 17, 2024, but did not attempt to provide appropriate notice to him before his re-detention in January 1, 2026, while Petitioner states "[he] had been living openly in the United States, maintaining known residence, working openly, and was easily located by ICE without any allegation of criminal conduct or attempt to flee." Dkt. #1 at 6. Furthermore, the Government's assertion that Petitioner's release would "wholly negate" the purpose of conditional release fails to convince the Court of the Government's interest in keeping Petitioner detained. *See* Dkt. #4 at 8. The Court is unpersuaded by the Government's argument that Petitioner's release would "inhibit the Executive's function of immigration enforcement" or that this outweighs Petitioner not being held in detention. Dkt. #4 at 8. The Court finds that the Government's interest here is low. *See also E.A. T.-B.*, *supra*.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 5

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continued release from custody, and due process requires that Petitioner receive a hearing before an immigration judge before he can be re-detained.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED.  The Court ORDERS that Petitioner shall be released from custody **no later than July 20th, 2026**, under the conditions of his most recent release order and may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate.  Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and shall be noted under Local Rule 7(d)(3).

DATED this 16th day of July, 2026.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241- 6